UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESPN, Inc., <br><br> Petitioner, <br><br> v. <br><br> Broadcast Music, Inc., <br><br> Respondent. | 16 Civ. 1067 (LLS) <br><br> *Related to United States v. Broadcast Music, Inc.*, 64 Civ. 3787 (LLS) <br><br> **Petition of ESPN, Inc. for the Determination of Reasonable Final License Fees** |

## INTRODUCTION

1. This is a Petition for the determination of a reasonable royalty rate for public performances of compositions in the Broadcast Music, Inc. ("BMI") repertory under § XIV of the BMI Consent Decree. *See United States v. Broad. Music, Inc.*, 1966 Trade Cas. (CCH) ¶ 71,941, 83,323 (S.D.N.Y. 1966), *amended*, No. 64-cv-3787, 1994 WL 901652, at *1 (S.D.N.Y. Nov. 18, 1994) (1996-1 Trade Cas. (CCH) ¶ 71,378) ("BMI Consent Decree" or "Consent Decree").

2. ESPN, Inc. ("ESPN"), the Petitioner, seeks a determination of a reasonable rate for an adjustable-fee blanket license ("AFBL") for the term January 1, 2010, through December 31, 2020 (the "License Period"). The license will cover the public performances of BMI-affiliated musical compositions for which a BMI license is required on a through-to-the-audience basis by the programming services listed in Appendix A.

## THE PARTIES

3. ESPN is a multimedia sports entertainment company, with a diverse portfolio of multimedia sports assets comprising over 50 business entities. Launched in 1979, the ESPN network was the first cable television network fully dedicated to sports programming. Among

other things, ESPN operates eight 24-hour domestic television sports networks and holds rights for various professional and college sports programming. ESPN has distinguished itself with respect to, among other things, its programming and its music clearance practices, from all other cable programming networks and is "The Worldwide Leader in Sports."

4. ESPN, unlike typical television networks, directly has secured — and continues to secure — all necessary rights to the vast majority of the music in its programming. It acquires music rights through direct licenses, i.e., licenses obtained directly from songwriters, music publishers and music libraries that include all rights as may be required (e.g., including synchronization and public performance rights), or through "work made for hire" agreements with songwriters. These licenses and agreements — which include direct licenses for popular music obtained from BMI's largest music publishing affiliates — obviate the need for ESPN to rely on licenses issued by BMI (or other performing rights organizations) for the vast bulk of music performances in ESPN's programming transmissions. ESPN is unique among all television networks in the degree to which it is able to control its music usage and the degree to which it is able to secure direct licenses for the public performance of the musical compositions embedded in its content.

5. Upon information and belief, BMI is a music performing rights licensing organization ("PRO") incorporated in the State of New York that represents the musical works of approximately 600,000 composers, songwriters, and music publisher affiliates, with its headquarters located at 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.

**PRIOR DEALINGS BETWEEN THE PARTIES**

6. On December 28, 2009, ESPN submitted a written application for a license, effective January 1, 2010, to publicly perform the compositions in BMI's repertory under Section XIV(A) of the BMI Consent Decree.

7. ESPN is currently operating under an interim license agreement with BMI, with fees retroactively adjustable to January 1, 2010, based on the ultimate fees payable under the parties' final license.

8. The parties have been unsuccessful in negotiating final license fees. ESPN has requested an adjustable-fee blanket license from BMI for the License Period, the fee for which is informed by the amounts paid by ESPN for the right to publicly perform the vast majority of music included in ESPN programming. Put simply, the reasonable value of the performance of BMI-licensed musical works by ESPN should bear some proportional relationship to ESPN's direct payments to publishers and songwriters for the vast majority of its public performances of music. To date, BMI has refused to quote license fees to ESPN for the License Period that bear any such relationship and instead has insisted on license fees that completely ignore the best available evidence of the value of public performances of music on ESPN.

**JURISDICTION**

9. The Court has jurisdiction under 28 U.S.C. § 1331 and 1337 because the proceeding that gave rise to the BMI Consent Decree arose under the antitrust laws.

10. The Court retained jurisdiction to set a reasonable license fee for the public performance of works in the BMI repertory under Section XIV of the BMI Consent Decree.

## RELIEF REQUESTED

11.     ESPN respectfully requests that the Court determine a reasonable rate for an AFBL for the public performance of compositions in BMI's repertory for the period January 1, 2010, through December 31, 2020.

12.     ESPN requests that the fee set by the Court be made retroactive to January 1, 2010, pursuant to Section XIV(B) of the BMI Consent Decree.

Respectfully Submitted.

/s/ Kenneth L. Steinthal_____
Kenneth L. Steinthal (KS-7897)
Joseph R. Wetzel (JW-0510)
KING & SPALDING LLP
101 2nd Street, Suite 2300
San Francisco, CA  94105
Telephone:  (415) 318-1200
ksteinthal@kslaw.com
jwetzel@kslaw.com

*Counsel for ESPN, Inc.*

## APPENDIX A

ESPN Programming Services

- ESPN
- ESPN2
- ESPNEWS
- ESPNU
- ESPN Classic [including ESPN Classic 2.0]
- ESPN Deportes
- ESPN Goal Line
- ESPN Buzzer Beater
- ESPN Bases Loaded
- ESPN Full Court [solely up to and through April 1, 2015]
- ESPN Game Plan [solely up to and through April 1, 2015]
- The Longhorn Network
- ESPN3 [including ESPN College Extra]
- ESPN 3D [solely up to and through September 30, 2013]
- THE SEC-ESPN Network
- ESPN Pass and other pay-per-view offerings
- All on-demand offerings from and high-definition versions of all of the foregoing
- Any other networks or services that ESPN may launch

This list is subject to amendment.